## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**ARISTEO EVARISTO-GARCIA**,                      :
                Petitioner,                      :
                                      :                      No. 26-cv-3646-JMY

          vs.                      :
                                          :

**JAMISON, J.L.**, Warden, Federal Detention      :
Center, Philadelphia, *et al.*                      :
             Respondents.                      :
                                          :

## <u>ORDER</u>

**AND NOW**, this 3rd day of June 2026, upon consideration of the Petition for Writ of Habeas Corpus (ECF No. 1), and the Government's Response in Opposition to Petitioner for Writ of Habeas Corpus (ECF No. 4), it is hereby **ORDERED** that the Petition is **GRANTED** as follows.

1.      Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2.      The Government shall **RELEASE** Petitioner from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than **5:00 p.m. ET on Friday, June 5, 2026**;

3.      If the Government chooses to pursue re-detention of Petitioner pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, where an Immigration Judge shall determine whether detention is warranted pending the resolution of his removal proceedings;

4.      If the Government chooses to pursue re-detention of Petitioner pursuant to 8 U.S.C. § 1226(a), the Government cannot remove, transfer, or otherwise facilitate the removal of Petitioner from the Commonwealth of Pennsylvania before the ordered bond hearing. If the Immigration Judge determines that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from this Court to move Petitioner if unforeseen or

emergency circumstances arise that require him to be removed. Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit transfer of Petitioner; and

5.  The Clerk of Court shall mark this case closed.[1]

**IT IS SO ORDERED**.

BY THE COURT:

*/s/ John Milton Younge*
**Judge John Milton Younge**

---

[1]  Petitioner, Aristeo Evaristo-Garcia was born in Mexico and allegedly entered the United States around the year 2006. (Petition for Writ of Habeas Corpus ¶¶ 1, 17, ECF No. 1.) After entering the United States, Petitioner went to live in Norristown, Pennsylvania where he allegedly built a community. (*Id.*) Petitioner claims that he is the sole provider for his three children who live in the United States and are allegedly U.S. Citizens – ages 4, 12, and 19. (*Id.* ¶ 18.) On or about May 26, 2026, Department of Homeland Security ("DHS") officers detained the Petitioner in Norristown while he was in the process of driving to work. (*Id.* ¶¶ 2, 20.) Petitioner alleges that prior to being detained, he had lived in the United States for approximately twenty (20) years. (*Id.* ¶ 18.) DHS Officers purportedly detained Petitioner under 8 U.S.C. § 1225(b)(2), a mandatory detention statute, and instituted removal proceedings against him. (*Id.* ¶ 2, 6, 22.) Petitioner is now currently in the physical custody of Respondents. (Response in Opposition pages 4; ECF No. 4.)

The gravamen of Petitioner's claim is that he is not subject to mandatory detention without the opportunity for a bail hearing under 8 U.S.C. § 1225(b) because that provision applies only to non-citizens who are "seeking admission" to the United States, rather than to non-citizens who have already been present in the country for a number of years. The Government candidly acknowledges that the substantial weight of district court authority rejects its argument to the contrary. (Response in Opposition pages 6-7 (referencing the more than 250 decisions in this district that have rejected the Government's position).)

The Court finds no reason to reiterate our colleagues' thorough and reasoned analyses on this issue. *See e.g.*, *Demirel v. Federal Detention Center Philadelphia*, 2025 WL 3218243, * 4 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No.1, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Del Cid v. Bondi*, No. 25-cv-304, 2025 WL 2985150, *16 n.7 (W.D. Pa. October 23, 2025); *JAM. V. Streeval*, No. 25-cv-342, 2025 WL 3050094, *3 (M.D. Pa. November 1, 2025); *Cantu-Cortes v. O'Neill, et al.*, No. 25-cv-6338, 2025 WL 3171639, at *1-2 (E.D. Pa. Nov. 13, 2025). The Petition is reviewable, and Petitioner is not subject to 8 U.S.C. § 1225(b)(2), thus making his detention without the opportunity for a bail hearing unlawful. The out-of-circuit appeals decisions adopting the Government's position are unpersuasive to this Court. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026).

2